AM/MWS: USAO#2019R00239

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. ELH-19-0358 |
| | * | |
| v. | * | (Sex Trafficking of a Minor, |
| | * | 18 U.S.C. § 1591(a), (b)(2), and (c); |
| FELICIANO DE JESUS DIAZ-MARTINEZ, | * | Enticement of Minor to Engage in Prostitution, 18 U.S.C. § 2422(b); Sex |
| a/k/a "Alex," | * | Trafficking by Force, Fraud, and |
| | * | Coercion, 18 U.S.C. § 1591(a), (b)(1); |
| Defendant. | * | Distribution of a Controlled Substance, |
| | * | 21 U.S.C. § 841(a)(1); Forfeiture, |
| | * | 18 U.S.C. §§ 1594, 2428, |
| | * | 21 U.S.C. § 853) |

*******

## INDICTMENT

### COUNT ONE
(Sex Trafficking of a Minor)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment,

**The Defendant**

1. Defendant **FELICIANO DE JESUS DIAZ-MARTINEZ**, a/k/a "Alex," ("**DIAZ**"), born in June 1978, was a resident of Owings Mills, Baltimore County, Maryland.

2. **DIAZ** was born in Guatemala, and was a Guatemalan citizen and national. At a time unknown to the Grand Jury, **DIAZ** illegally entered the United States of America without inspection by immigration officials.

3. Beginning at a time unknown to the Grand Jury, but no later than in or about 2016, **DIAZ** was a pimp, engaged in the business of recruiting, enticing, harboring, transporting,

providing, obtaining, advertising, and maintaining by any means women and minor girls to engage in commercial sex acts for his own financial benefit.

## The Sex Trafficking Victims

4. Victim 1, a female, was a resident of Maryland. Beginning when Victim 1 was approximately 16 years old, and continuing until she was approximately 18 years old, **DIAZ** caused Victim 1 to engage in commercial sex acts knowing and reckless disregard of the fact that she was a minor, and having a reasonable opportunity to observe her.

5. Victim 2, Victim 3, Victim 4, and Victim 5 were females over the age of 18 and residents of Maryland. **DIAZ** caused Victim 2, Victim 3, Victim 4, and Victim 5 to engage in commercial sex acts for his own financial benefit, by means of force, fraud and coercion. Victims 1 through 5 will be referred to collectively as "Victims" herein.

## General Allegations

6. Beginning at a time unknown to the Grand Jury, but no later than in or about 2016, continuing through on or about May 22, 2019, **DIAZ** caused more than 25 individuals, including minors, to engage in commercial sex acts for his own financial benefit by means of force, fraud, and coercion.

7. Nearly all of the Victims **DIAZ** caused to engage in commercial sex acts suffered from serious substance abuse disorders, including addictions to heroin, "crack cocaine" (cocaine base), and Xanax.

8. **DIAZ** routinely took half or all of the money the Victims working for him had earned through commercial sex acts and kept it for himself.

9. **DIAZ** also sold narcotics, including heroin and crack cocaine, to some of the Victims who engaged in commercial sex for his financial benefit, often at prices significantly higher than the prices he paid to purchase the narcotics.

10. **DIAZ** frequently demanded that the Victims engage in sex acts with him, free of charge. At times, **DIAZ** retaliated against the Victims if he was not personally satisfied with the sexual encounter.

11. **DIAZ** maintained a network of friends and associates who paid to engage in commercial sex acts with the Victims **DIAZ** advertised and made available to them.

12. **DIAZ** sent his customers pictures of the Victims available for commercial sex and set the prices that customers would pay to engage in sex acts with the Victims he controlled.

13. **DIAZ** transported, or caused to be transported, Victims to his customers' homes to engage in commercial sex acts. **DIAZ** also invited customers to engage in commercial sex acts with Victims in his apartment and in a storage unit that he rented.

14. **DIAZ** used Facebook, a social media platform, to recruit and communicate with the Victims in order to entice them to work for him and engage in commercial sex acts, including many Facebook users he had never met or communicated with.

15. **DIAZ** maintained several different Facebook accounts, under alias names, and used them to offer the Victims heroin and crack cocaine, referred to as "boy" and "girl," in exchange for engaging in commercial sex with his customers.

16. **DIAZ** also directed the Victims working for him to recruit their friends, many of whom were also addicted to narcotics, to engage in commercial sex for his financial benefit.

17. **DIAZ** rented hotel rooms for the purpose of the Victims engaging in commercial sex.

18. **DIAZ** routinely took a substantial portion of the money the Victims working for him had earned through commercial sex acts and kept it for himself.

19. **DIAZ** withheld controlled substances from the Victims, whom he knew to be addicted, when they failed to earn sufficient money from commercial sex to satisfy him or when they violated rules he had imposed upon them.

20. **DIAZ** retaliated against the Victims who violated his rules or otherwise displeased him in a number of ways, including abandoning them at customers' homes and on roadsides without their belongings or transportation.

## The Charge

21. Beginning at a time unknown, but no later than in or about April 2017, and continuing through in or about April 2019, in the District of Maryland, the defendant,

**FELICIANO DE JESUS DIAZ-MARTINEZ,**
a/k/a "Alex",

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, advertise, and maintain by any means a person, namely, "Victim 1", and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, and having had a reasonable opportunity to observe "Victim 1", that "Victim 1" had not attained the age of 18 years and would be caused to engage in a commercial sex act.

18 U.S.C. §§ 1591(a), (b)(2), and (c)

## COUNT TWO
### (Enticement of a Minor to Engage in Prostitution)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 20 of Count One of this Indictment are incorporated by reference here.

2. On or about April 3, 2018, in the District of Maryland and elsewhere, the defendant,

**FELICIANO DE JESUS DIAZ-MARTINEZ,**
a/k/a "Alex",

did knowingly use and attempt to use a facility and means of interstate and foreign commerce to knowingly persuade, induce, and entice a minor, "Victim 1", to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, to wit, on or about April 3, 2018, **DIAZ** sent messages to Victim 1 using one of his Facebook accounts persuading, inducing, and enticing Victim 1 to engage in prostitution.

18 U.S.C. § 2422(b)

5

## COUNTS THREE THROUGH SIX
(Sex Trafficking by Force, Fraud, and Coercion)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 20 of Count One of this Indictment are incorporated by reference here.

2. In or about the time periods listed below, each being a separate Count, in the District of Maryland and elsewhere, the defendant,

**FELICIANO DE JESUS DIAZ-MARTINEZ,**
a/k/a "Alex",

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, as listed below, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause that person to engage in a commercial sex act.

| COUNT | DATES | VICTIM |
|---|---|---|
| THREE | December 2017 through November 2018 | Victim 2 |
| FOUR | July 2017 through May 2019 | Victim 3 |
| FIVE | September 2018 through April 2019 | Victim 4 |
| SIX | 2016 through May 2019 | Victim 5 |

18 U.S.C. §§ 1591(a) & (b)(1)

## COUNT SEVEN
### (Distribution of Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 20 of Count One of this Indictment are incorporated by reference here.

2. Beginning at a time unknown to the Grand Jury, but no later than in or about 2017, and continuing until on or about May 22, 2019, in the District of Maryland and elsewhere, the defendant,

**FELICIANO DE JESUS DIAZ-MARTINEZ,**
**a/k/a "Alex",**

did knowingly and intentionally distributed, dispensed, and possessed with intent to distribute controlled substances, including mixtures and substances containing a detectable amount of:

- Heroin, a Schedule I Controlled Substance; and

- Cocaine base, a Schedule II Controlled Substance.

21 U.S.C. § 841(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with any sentence in the event of a conviction on any Count of this Indictment; and

2. As a result of the aforementioned offenses, the defendant,

**FELICIANO DE JESUS DIAZ-MARTINEZ,**
a/k/a "Alex",

shall forfeit to the United States of America:

    a. Any property, real or personal, constituting, traceable, or derived from gross profits or other proceeds obtained, directly or indirectly, from the offense;

    b. The defendant's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3. If any of the property described above as being subject to forfeiture pursuant to 18 U.S.C. §§ 1594(d)(1) and (d)(2), 2428, and 21 U.S.C. § 853, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be subdivided without difficulty;

the United States intends to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

18 U.S.C. §§ 1594(d)(1) and (d)(2), 2428
21 U.S.C. § 853
28 U.S.C. § 2461

_____
Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

FOREPERSON

7/25/19
DATE